# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| JON K. ROBUS, ) | |
| ) | |
| Claimant, ) | |
| ) | |
| vs. ) | Case No. 4:18-cv-1984-CLS |
| ) | |
| ANDREW SAUL, Commissioner, ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Claimant, Jon Robus, commenced this action on November 30, 2018, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying his claim for a period of disability, disability insurance, and supplemental security income benefits.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by

substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ improperly evaluated his subjective complaints of pain and other symptoms. Upon review of the record, the court concludes that this contention has merit, and the case should be remanded to the Commissioner for further proceedings.

To demonstrate that pain or another subjective symptom renders him disabled, a claimant must "produce 'evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain.'" *Edwards v. Sullivan*, 937 F.2d 580, 584 (11th Cir. 1991) (quoting *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). If an ALJ discredits subjective testimony of pain, "he must articulate explicit and adequate reasons" for doing so. *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing *Jones v. Bowen*, 810 F.2d 1001, 1004 (11th Cir. 1986); *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986)).

The ALJ in the present case properly applied those legal principles. He found that claimant's medically determinable impairments could reasonably be expected to cause some functional limitations, but that "claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are inconsistent with the

objective medical evidence, treatment regimen and response to treatment, and daily activities."[1] That conclusion was in accordance with applicable law. *See Marbury v. Sullivan,* 957 F.2d 837, 839 (11th Cir. 1992) ("*After* considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence.") (citing *Wilson v. Heckler,* 734 F.2d 513, 517 (11th Cir. 1984)) (emphasis supplied).

The ALJ also adequately articulated reasons to support his findings. He reasoned that claimant's "longitudinal treating medical records do not establish that he has been unable to engage in work activity. . . ."[2] Specifically, even though claimant continued to complain of back pain after his September 2014 surgery, he reported in October 2014 that his medications helped increase his activities of daily living and add to the quality of his life.[3] Claimant's pain management doctor reported in February 2015 "that claimant was satisfied with his current medication and management, was tolerating his medications without nausea and vomiting, and was encouraged to engage in physical activity to help manage overall pain and weight."[4] Records from July 2015 stated that claimant's medications continued to alleviate his

---

[1] Tr. 20.
[2] *Id.* (ellipsis supplied).
[3] Tr. 21, 568-71.
[4] Tr. 21, 542.

pain.[5] Claimant was advised in November 2015 that he did not need additional surgery,[6] and he was encouraged in December 2015 to become as active as possible and to try non-weight-bearing exercises.[7] Claimant continued to report in January and February 2016 that, even though he still experienced pain, his medications helped, and he did not suffer any adverse side effects.[8]

The ALJ also pointed out that none of claimant's medical providers, including pain management specialists, opined that plaintiff had disabling pain or limitations.[9] One treating provider, Dr. Janene Holladay, even stated in early 2017 that claimant was capable of performing sedentary work.[10] Based upon those observations, the ALJ concluded that claimant's treatment records "do not indicate that the claimant has had disabling pain and limitations for any period of 12 continuous months, but indicate that the claimant's pain has been decreased with treatment and that he has been encouraged to increase his activity."[11]

Even though the ALJ adequately articulated his reasons, the court nevertheless

---

[5] Tr. 21, 738.
[6] Tr. 21, 761.
[7] Tr. 21, 756.
[8] Tr. 21, 794-97.
[9] Tr. 21.
[10] Tr. 21-22, 877-83, 964-67. The ALJ is not required to accept a conclusory statement from a medical source, even a treating source, regarding a claimant's ability to work, because the decision whether a claimant is disabled is not a medical opinion, but is a decision "reserved to the Commissioner." 20 C.F.R. §§ 404.1527(d), 416.927(d).
[11] Tr. 22.

concludes that the ALJ's decision was not supported by substantial evidence. As claimant points out, even during the same doctor visits in which he reported improvement from his medications, he also reported level 7 pain, broken sleep, falls, concentration difficulties, and increased pain with any kind of activity.[12] Moreover, during clinical examinations, claimant repeatedly exhibited antalgic gait and positive straight leg raise tests.[13] It is, of course, true that the ALJ's decision must only be based upon *substantial* evidence, not overwhelming, or even preponderating evidence. *See Werner v. Commissioner of Social Security*, 421 F. App'x 935, 939 (11th Cir. 2011) ("The question is not, as Werner suggests, whether [the] ALJ could have reasonably credited his testimony, but whether the ALJ was clearly wrong to discredit it.") (alteration supplied). But, here, given the consistent intensity of the claimant's reports of pain and lack of function, and the manifestation of the pain as disturbed gait and positive straight leg raise tests during clinical examinations, the court cannot say that the ALJ's decision was supported by substantial evidence.

That is particularly true considering that no treating or examining physician ever examined claimant for the purpose of rendering a function-based report. In that regard, the ALJ

> has an obligation to develop a full and fair record, even if the claimant

---

[12] Tr. 568, 787-89, 794-97.

[13] *See, e.g.,* Tr. 568, 578, 796, 789.

> is represented by counsel. *Cowart v. Schweiker,* 662 F.2d 731, 735 (11th Cir. 1981). The ALJ is not required to seek additional independent expert medical testimony before making a disability determination *if the record is sufficient and additional expert testimony is not necessary for an informed decision. Wilson v. Apfel,* 179 F.3d 1276, 1278 (11th Cir. 1999) (holding the record, which included the opinion of several physicians, was sufficient for the ALJ to arrive at a decision); *Holladay v. Bowen,* 848 F.2d 1206, 1209-10 (11th Cir. 1988) (holding the ALJ must order a consultative exam when it is necessary for an informed decision).

*Nation v. Barnhart,* 153 F. App'x 597, 598 (11th Cir. 2005) (emphasis supplied). Here, a functional capacity evaluation is necessary for a full understanding of the vocational effects of claimant's impairments. Remand is warranted for the ALJ to obtain such an evaluation, and to conduct any other appropriate proceedings.

An appropriate order will be entered contemporaneously herewith.

DONE this 6th day of August, 2019.

_____
United States District Judge